UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL and YOMARY POLANCO, *individuals*,

    Plaintiffs,

v.

BUSINESS LAW GROUP, P.A., *a Florida profit corporation,* LM FUNDING, *a Florida limited liability* company. and BRUCE RODGERS, *an individual,*

    Defendants.
_____/

Case No.:

## **COMPLAINT**

**COME NOW**, Plaintiffs, RAFAEL and YOMARY POLANCO (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sues Defendants, BUSINESS LAW GROUP, P.A. (hereinafter, "Defendant BLG"), LM FUNDING (hereinafter, "Defendant LMF"), and BRUCE M. RODGERS (hereinafter, "Defendant Rodgers") (hereinafter collectively, "Defendants") and alleges:

## **INTRODUCTION**

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692 ("FDCPA"), and for declaratory and injunctive relief in equity.

1

## **PARTIES, JURISDICTION & VENUE**

1. At all times material herein, Plaintiffs are and were residents of the state of Florida, residing in Hillsborough County. This Court has personal jurisdiction over Plaintiffs because they submit to the jurisdiction of this Court.

2. The FDCPA and the FCCPA violations at issue in this action occurred in Hillsborough County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of Florida, pursuant to 15 U.S.C., Section 1692k(d), 28 U.S.C., Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C., Section 1367.

3. Venue in this District is proper because Plaintiffs reside here and because Defendants mailed debt collection letters to Plaintiffs and to consumers in this District.

4. This Court has personal jurisdiction over Defendants because Defendants sent Plaintiffs the debt collection letter to an address and regarding a property located in Hillsborough County, Florida.

5. Defendant BLG is a law firm and Florida profit corporation existing under the laws of the state of Florida with a primary business address in Hillsborough County, Florida, that, itself and through its employees and representatives, regularly collects debts allegedly owed to another within Hillsborough County, Florida, and throughout the state of Florida.

6. Defendant LMF is a debt buyer and limited liability company existing under the laws of the state of Florida with a primary business address in Hillsborough County, Florida, that, itself and through its employees, representatives, and lawyers, regularly collects debts allegedly owed to another within Hillsborough County, Florida, and

throughout the state of Florida.

7. Defendant Rodgers is a lawyer licensed under the laws of the state of Florida, an owner and employee of Defendant BLG and, a principal and officer of Defendant LMF. Defendant Rodgers has a primary business address in Hillsborough County, Florida who himself and through his employees, representatives, and lawyers, regularly collects debts allegedly owed to another within Hillsborough County, Florida, and throughout the state of Florida.

## GENERAL ALLEGATIONS

8. Defendants are each a "person," pursuant to Florida Statutes, Section 559.55(3), and are therefore subject to the FCCPA and prohibited from undertaking any actions described in Florida Statutes, Section 559.72.

9. Defendants are each a "debt collector," as that term is defined by the FCCPA, Section 559.55(6) and the FDCPA, Section 1692a(6).

10. Defendants received the Debt (as herein defined and used) for collection–and at all times herein collected the Debt–after the Debt was in default.

11. Defendants used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.

12. Defendants are each an entity or person who regularly collects or attempts to directly or indirectly collect consumer debts owed or due, or asserted to be owed or due, another.

13. Plaintiffs are each a "debtor" or "consumer," as those terms are defined by the FCCPA, Section 559.55(2), and the FDCPA, Section 1692a(3).

14. Defendants' conduct, complained of below, qualifies as "communication,"

as that term is defined by the FCCPA, Section 559.55(5), and the FDCPA, Section 1692a(2).

15. Defendants acted by themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

16. At all material times herein, Defendants attempted to collect a debt, specifically a monthly condominium association due associated with real estate Plaintiffs owned and personally used, referenced by loan number 9804-34 (at all times herein, the "Debt").

17. The Debt was a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

## FACTUAL ALLEGATIONS

18. On or about April 28, 2014, Defendants BLG and Rodgers, on Defendant LMF's behalf, and with Defendant LMF's knowledge, consent and approval, sent a debt collection letter to Plaintiffs in an attempt to collect the Debt (at all times herein, "debt collection letter"). Please see attached a true and correct copy of said letter attached hereto as **Exhibit "A1-A2."**

19. The debt collection letter attempted to collect a new Debt each time it was sent, namely a new monthly condominium association due that was not previously due and owing, and therefore was not included on the date any predecessor debt collection letters that were sent to Plaintiffs.

20. Defendants' debt collection letter advises Plaintiffs that Defendants BLG and Rodgers are each a debt collector and are attempting to collect the Debt.

21.     Defendants' debt collection letter does not advise Plaintiffs that Defendant LMF is a debt collector and is attempting to collect the Debt.

22.     Defendants' debt collection letter does not inform Plaintiffs that Defendant LMF is, at least in part, a current creditor on the Debt.

23.     Defendant BLG and Rodgers represent to Plaintiffs that it is a condominium association that is their client, the creditor, when in fact it is a related and commonly controlled and managed entity, Defendant LMF that is, at least in large part, the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts—not the condominium associations, as represented in the debt collection letter.

24.     Defendants' debt collection letter advised Plaintiffs that "[a]s to any owners who is currently in bankruptcy or whose debt as [sic] been discharged in bankruptcy, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is only exercising its rights against the Property described above, and it is not attempting to hold the owner personally liable for any debt that has been discharged in bankruptcy."

25.     Defendants' debt collection letter, however, previously informs Plaintiffs of the full balance due Defendants, and that "late interest charges will accrue on unpaid assessment balances."

26.     Defendants' debt collection letter further advises "past due assessments are the last to be credited from partial payment(s) received.  Assessment balances can often remain outstanding after payments are applied.  Payments must be applied in order to interest, late fees, attorneys' fees, and costs and then to past due assessments."

27. Defendants' debt collection letter advises such without any reference or explanation as to how a bankruptcy discharge affects the crediting of payments toward the Debt and whether any portion of the Debt would be owed or sought from Plaintiffs in the future.

28. Defendants' debt collection letter attempts to provide Plaintiffs and a validation and verification notice regarding the Debt, as required 15 U.S.C., Section 1692g(a).

29. Defendants' debt collection letter, however, further advises Plaintiffs that "[a]ll disputes *must* be in writing and accompanied with the owner information requested below.  Disputes can be mailed, faxed or e-mailed . . ." (emphasis added).

30. Further, Defendants' debt collection letter advises Plaintiffs that "all *valid written* disputes received will be reviewed, investigated and responded to." (emphasis added).

31. Defendants' debt collection letter contains the reference line "Re: LAKE CHASE CONDOMINIUM ASSOCIATION, INC. vs. Rafael Polanco and Yomary Polanco".

32. On the date of the debt collection letter, however, litigation consistent with the case caption reference provided in the debt collection letter did not exist.

33. The debt collection letter was Defendant's initial communication with Plaintiffs sent in connection with the collection of the Debt.

34. Defendants' debt collection letter was its first letter sent to Plaintiffs regarding Plaintiffs' Debt.

35. Defendants' conduct, as described herein, is a knowing, willful, and

continuing violation of Plaintiffs' rights, as enumerated under the FDCPA and the FCCPA.

36. Given Defendants' conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiffs using the debt collection letter in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.

37. Plaintiffs have retained Leavengood, Dauval, Boyle, & Meyer, P.A. as counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

38. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against each Defendant, plus actual damages, injunctive relief, and the award of attorneys' fees, and costs to Plaintiffs should Plaintiffs prevail in this matter against Defendants.

39. United States Code, Title 15, Section 1692k provides for the award of $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

40. Any and all necessary conditions precedent to the bringing of this action have either occurred or have been excused by Defendants.

### COUNT ONE:
### DECLARATORY AND INJUNCTIVE RELIEF
### VIOLATIONS OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT

Plaintiffs re-allege paragraphs one (1) through forty (40), as if fully restated herein and further state as follows:

41. Plaintiffs, for themselves , pursuant to Florida Statutes, Section 559.77(2), seeks a declaration that the above-described practices of Defendants, namely the use of the debt collection letter in collecting Debts, attached **Exhibit "A1-A2,"** violates the Florida

Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

42. This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and Section 559.77(2) of the Florida Consumer Collection Practices Act.

43. By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the usage and effect of the debt collection letter on Plaintiffs which:

    a. deceptively, falsely, and unlawfully makes conflicting statements as to whether Plaintiffs owe any part of the Debt;

    b. deceptively, falsely, and unlawfully asserts a right that does not exist by asserting that, without condition or qualification, that if a consumer is in or has filed bankruptcy, they have no personal liability;

    c. deceptively, falsely, and unlawfully fails to disclose Defendant LM Funding as a creditor and decision maker on both settling the Debts and mitigating loss in the face of its self-serving yet undisclosed interest;

    d. deceptively, falsely, and unlawfully leads Plaintiffs that litigation is pending against them at the time the letter is received;

    e. fails to provide a complete and accurate validation and verification disclosures that are required under the FDCPA;

    f. suggests the need to provide supporting documentation as a pre-requisite to being valid and therefore considered;

    e. threatens litigation against Plaintiffs when no such action is

intended;

44. Debt collection of this type, namely the use of the debt collection letter, is unlawful and violates the Florida Consumer Collection Practices Act.

45. For the protection of Plaintiffs, who may be subject to the same continued improper Debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

46. The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

### COUNT TWO: UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiffs re-allege paragraphs one (1) through forty (40), as if fully restated herein and further state as follows:

47. Defendants are subject to, and have violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect Debts from Plaintiffs by asserting the existence of a legal right with knowledge that such right does not exist.

48. Specifically, Defendants, in the debt collection letter, assert to the least-sophisticated consumer that only *valid* dispute will be considered, which is in direct contradiction with Plaintiffs' rights under Section 1692g(a) of the FDCPA.

49. Further, Defendants assert that supporting documentation is needed for a dispute to be valid and considered; oral disputes, however, or written disputes with zero documentation, are valid under the FDCPA and must be considered by the debt collector.

50. Defendants BLG and Rodgers also assert that the client and owner of the Debt is a condominium association when in fact Defendant LMF, at least in part, owns the

Debts and right to payments on the Debts, as well as makes decisions regarding settlement and satisfaction of the Debts—not the condominium association.

51. Finally, Defendants expressly assert their requirement to obtain written verification of the Debt from the association is predicated on Plaintiffs notification of dispute; this is a material misstatement of the law.

52. Defendants are only required to provide such written verification of the Debt (and a copy of judgment) if Plaintiffs dispute the Debt *in writing*. *See* 15 U.S.C., Section 1692g(a).

53. Defendants' knowing misstatement of the law in an attempt to collect the Debt adversely affects Plaintiffs FDCPA validation and verification rights.

54. In short, Defendants' assertions, made in an attempt to collect the Debt, are knowingly false, deceptive, and unlawfully limit Plaintiffs' consumer rights as specifically enumerated under Section 1692g(a) of the FDCPA.

55. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through forty (40), as if fully restated herein and further states as follows:

56. Defendants are each subject to, and have each violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

57. Specifically, Defendant BLG and Rodgers failed to disclose to Plaintiffs

that Defendant LMF was, at least in part, the creditor with regard to the Debt.

58. Defendant BLG and Rodgers also failed to disclose to Plaintiffs that Defendant LMF was a commonly controlled and managed entity by Defendant Rodgers.

59. Defendants practice is to collect the Debts from Plaintiffs in a manner that maximizes both attorneys' fees and returns for Defendant LMF investors rather than to mitigate loss and bring condominium accounts current; such conduct is undertaken at the direct expense of Plaintiffs, and as an abusive and harassing means to collect the Debt.

60. Defendants Debt collection conduct, reference immediately above, is even more abusive and harassing to the consumer when the consumer has filed bankruptcy, discharging a portion of the Debt owed *en personum* to the condominium association.

61. In such case, Defendants selfishly, to the detriment of both their purported client, the condominium association, and the consumer, refuse to accept anything other than full payment on the partially discharged Debt to maximize Defendant BLG's and Rodgers' attorneys' fees and Defendant LMF's investors' return on investment.

62. Defendants engage in such conduct in hopes that any eventual first-lien holder will foreclosure its mortgage, thereby allowing Defendants to seek full recovery of the purchased Debt, as well as maximize attorneys' fees in the process.

63. Defendants conduct is undertaken to maximize their own attorneys' fees and investor returns, rather than represent their condominium association client's best interest, and is done so at the consumer's expense, and as an abusive and harassing means to collect the Debt..

64. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692e, e(5), e(10), and e(11)

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further state as follows:

65. Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692e, e(5), and e(10) through the use of false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer and threatening action, namely litigation, that is not intended.

66. "[I]t is well established that "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)).

67. "Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Gonzales*, 660 F.3d at 1063; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1196 (11th Cir. 2010).

68. Defendants' statement that "as to any owner who is currently in bankruptcy," coupled with Defendants' subsequent statement that "it is not attempting to hold the owner personally liable for the debt" is subject to more than one reasonable interpretation—either the letter is advising Plaintiffs that they are not personally liable for the Debt in the event that they have filed for bankruptcy and the Debt will only be exercised

against the property, or the Debt may be assumed valid by Defendants and the letter is attempting to seek payment on the total amount alleged owed—one of which is necessarily inaccurate.

69. If Defendants are not seeking payment on the Debt, then the debt collection letter fails to clearly and effectively disclaim which portion of the Debt, if any, is not owed and that payments do not need to be made on such portion.

70. In fact, not only is the debt collection letter unclear, when Defendants state that the Debt will be assumed to be valid unless Plaintiffs affirmatively dispute the Debt—with cancelled checks or other evidence of payment—and provides both a balance and further payment information, Defendant leads Plaintiffs to believe that the Debt is in fact valid unless proof of payment (e.g., cancelled checks) is provided.

71. In short, Defendants' ambiguous, conflicting, and misleading representations would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

72. Moreover, Defendants impose a writing requirement for any dispute to be valid that is not mandated by the FDCPA.

73. Further, Defendants failure to advise Plaintiffs of the writing requirement to obtain <u>written</u> verification of the Debt misleads Plaintiffs with regard to their validation and verification rights.

74. Defendant BLG and Rodgers represent to Plaintiffs that it is a condominium association that is their client, the creditor, when in fact it is a related and commonly controlled and managed entity, Defendant LMF that is, at least in large part, the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from

the collection of the debts—not the condominium associations, as represented in the debt collection letter.

75. Finally, Defendants fail to disclose to Plaintiffs that Defendant LMF is, at least in part, a creditor to the Debt, is a decision maker regarding settlement and resolution of the Debt, and is partially owned and/or operated by Defendant Rodgers. To that end, Defendants are settling the Debts in a manner to maximize both Defendant BLG and Rodgers' attorneys' fees as well as the return on Defendant LMF investors' dollars―all to the detriment of Defendants' purported client, the condominium association, as well as Plaintiffs.

76. In sum, Defendants have violated 15 United States Code § 1692e, e(5), e(10) by using false, deceptive, or misleading representations or means in connection the collection of a consumer debt from Plaintiffs.

77. Defendant LMF has violated 15 United States Code § 1692e(11) by indirectly and covertly communicating with Plaintiffs in an attempt to collect Debts without disclosing that it is a debt collector, that it was attempting to collect the Debts, and that any information obtained would be used for that purpose.

78. As a direct and proximate result of Defendants' actions, Plaintiffs s have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f**

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

79. Defendants are subject to, and have violated the provisions of, 15 United

States Code, Section 1692f by using unfair or unconscionable means to collect the Debt from Plaintiffs.

80. Specifically, Defendant BLG and Rodgers failed to disclose to Plaintiffs that Defendant LMF was, at least in part, the creditor with regard to the Debt.

81. Defendant BLG and Rodgers also failed to disclose to Plaintiffs that Defendant LMF was a commonly controlled and managed entity by Defendant Rodgers.

82. Defendant BLG and Rodgers represent to Plaintiffs that it is a condominium association that is their client, the creditor, when in fact it is a related and commonly controlled and managed entity, Defendant LMF that is, at least in large part, the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts—not the condominium associations, as represented in the debt collection letter.

83. Defendants practice is to collect the Debts from Plaintiffs in a manner that maximizes both attorneys' fees and returns for Defendant LMF investors rather than to mitigate loss and bring condominium accounts current; such conduct is undertaken at the direct expense of Plaintiffs.

84. Defendants Debt collection conduct, reference immediately above, is even more unfair and unconscionable to the consumer when the consumer has filed bankruptcy, discharging a portion of the Debt owed *en personum* to the condominium association.

85. In such case, Defendants selfishly, to the detriment of both their purported client, the condominium association, and the consumer, refuse to accept anything other than full payment on the partially discharged Debt to maximize Defendant BLG's and Rodgers' attorneys' fees and Defendant LMF's investors' return on investment.

86. Defendants engage in such conduct in hopes that any eventual first-lien holder will foreclosure its mortgage, thereby allowing Defendants to seek full recovery of the purchased Debt, as well as maximize attorneys' fees in the process.

87. Defendants conduct is undertaken to maximize their own attorneys' fees and investor returns, rather than represent their condominium association client's best interest, and is done so at the consumer's expense.

88. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692g(a), (b)

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further state as follows:

89. Defendants are subject to, and have violated the provisions of, 15 U.S.C., Section 1692g(a) and (b) by failing to include in the initial communication in connection with the collection of the Debt, or send a written notice to Plaintiffs within five (5) days of Defendants' initial communication in connection with the collection of the Debt, a complete and accurate validation and verification of Debts, and by communicating with the consumer in a manner which overshadows or is inconsistent with the disclosure of the consumer's rights under section 1692g(a).

90. More specifically, Defendant BLG's and Rodgers' debt collection letter states that "[i]f you notify the undersigned within the said thirty (30) day period that the aforesaid debt, or any portion thereof is disputed, the undersigned attorneys shall obtain

written verification of the said debt from the association and mail the same to you." *See* **Exhibit "A1-A2"**.

91. Defendant BLG and Rodgers fail to advise Plaintiffs that such verification is only to be provided if Plaintiffs dispute the Debt *in writing*, as required by 15 United States Code, Section 1692g(a). (emphasis added)

92. The above emphasized omission materially affects Plaintiffs' ability to enforce their rights and receive written verification and validation of any Debt (or portion thereof) that Defendants are asserting to be owed in the debt collection letter in the event that validation and verification is not provided.

93. Finally, Defendants' debt collection letter repeatedly includes unlawful, illegitimate, and additional requirements as prerequisites beyond that required by the FDCPA in order Plaintiffs to dispute the validity of their respective Debts.

94. More specifically, the debt collection letter states:

    a.    "If you dispute the amount due, please provide cancelled checks or other evidence of payment….";

    b.    "[U]se this form to dispute missed payments, account charges, account balances, or any other valid discrepancy on your account's report.";

    c.    "All dispute must be in writing . . .";

    d.    "Disputes can be mailed, faxed, or e-mailed to the following . . . ";

    e.    "All valid written disputes will be reviewed, investigated and responded to.";

    f.    "Valid disputes and accounting errors and/or omissions will be investigated . . ."

95. Defendants' assertions, as enumerated above, lead Plaintiffs, especially when judged under the least sophisticated debtor standard, to believe that these are valid pre-conditions and requirements for disputing the validity of their respective debts; they are not valid and expressly contradict the express language of 15 United States Code, Section 1692g(a).

96. In short, Defendants' usage of this added language leads the least-sophisticated consumer, namely Plaintiffs, to incorrectly interpret their 15 United States Code, Section 1692g(a) validation and verification rights.

97. Defendant BLG and Rodgers represent to Plaintiffs that it is a condominium association that is their client, the creditor, when in fact it is a related and commonly controlled and managed entity, Defendant LMF that is, at least in large part, the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts—not the condominium associations, as represented in the debt collection letter.

98. Finally, Defendant LMF, as both a debt collector and, in part, current creditor on the Debt, altogether fails to inform, either directly or indirectly through Defendants BLG and Rodgers, Plaintiffs that they are a current creditor to the Debt.

99. As such, Plaintiffs are not given their required validation and verification disclosures, thus violating 15 United States Code, Section 1692g(a), and violating 15 U.S.C. § 1692g(b) by making statements inconsistent with and overshadowing the disclosures required by 15 U.S.C. § 1692g(a) in its initial communication to the consumer.

100. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' actions and conduct, Plaintiffs respectfully request relief and a judgment:

 a. Declaring that communications, such as the debt collection letter, violate the FCCPA;

 b. Declaring that the Defendant violated the FCCPA;

 c. Awarding maximum statutory damages allowed under the FCCPA for violations committed by Defendants;

 d. Awarding maximum statutory damages allowed under the FDCPA for violations committed by Defendants;

 e. Awarding actual damages in an amount to be determined at trial;

 f. Ordering injunctive relief, including permanently enjoining Defendants from further engaging in the same debt collection activities in violation of the FCCPA, namely the continued use of the debt collection letter;

 g. Awarding Plaintiffs attorneys' fees and costs; and

 h. Granting such relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENLAW**

/s/ *Ian R. Leavengood*
**[ ] Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**[ ] Aaron M. Swift, Esq., FBN 93088**
**[ ] Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiffs*