UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL and YOMARY POLANCO,

       Plaintiff,

vs.                                           Civil No. 8:15-cv-01020

BUSINESS LAW GROUP P.A., a Florida
Corporation, LM FUNDING, a Florida
Limited Liability, and BRUCE RODGERS,
an individual,

       Defendants.

_____/

**DEFENDANT, BUSINESS LAW GROUP, P.A.'S
ANSWER TO PLAINTIFFS' COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, Business Law Group, Inc., (hereinafter "BLG"), by and through the undersigned counsel, hereby files its Answer to the Complaint, and states the following:

**PARTIES, JURISDICTION & VENUE**

1. Without knowledge, therefore denied as to at all times material herein, Plaintiffs were residents of state of Florida, residing in Hillsborough County. Admitted as to jurisdictional purposes only as to the remainder of the allegation.

2. Admitted for jurisdictional purposes only. Denied that any violations occurred as to the allegations.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted that BLG is a law firm and Florida profit corporation existing

under the laws of the state of Florida with a primary business address in Hillsborough County, Florida. Remainder of allegation denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

## GENERAL ALLEGATIONS

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

8. Denied. The Statutes speak for itself. Denied as to how it may vary from the actual terms thereof.

9. Denied. The Statutes speak for itself. Denied as to how it may vary from the actual terms thereof.

10. Denied.

11. Denied.

12. Admitted.

13. Denied. The Statutes speak for itself. Denied as to how it may vary from the actual terms thereof.

14. Denied. The Statutes speak for itself. Denied as to how it may vary from the actual terms thereof.

15. Denied.

16. Denied.

17. Denied.

## FACTUAL ALLEGATIONS

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

    18.    Admitted that letters were sent to Plaintiffs in an attempt to collect a debt, but denied that it was on behalf of Defendant, LM Funding. The document attached speaks for itself.

    19.    Denied.

    20.    Denied.

    21.    The document speaks for itself. Denied as to how actual terms thereof may vary.

    22.    The document speaks for itself. Denied as to how actual terms thereof may vary.

    23.    Denied.

    24.    The document speaks for itself. Denied as to how actual terms thereof may vary.

    25.    The document speaks for itself. Denied as to how actual terms thereof may vary.

    26.    The document speaks for itself. Denied as to how actual terms thereof may vary.

    27.    The document speaks for itself. Denied as to how actual terms thereof may Vary.

    28.    The document speaks for itself. Denied as to how actual terms thereof may

vary.

29. The document speaks for itself. Denied as to how actual terms thereof may vary.

30. The document speaks for itself. Denied as to how actual terms thereof may vary.

31. The document speaks for itself. Denied as to how actual terms thereof may vary.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge, therefore denied.

38. The Statutes speak for itself. Denied as to how actual terms thereof may vary.

39. The U.S. Code speak for itself. Denied as to how actual terms thereof may vary.

40. Denied.

## COUNT ONE:
## DECLARATORY AND INJUNCTIVE RELIEF
## VIOLATIONS OF FLORIDA'S
## CONSUMER COLLECTION PRACTICES ACT

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

    41.    Without knowledge, therefore denied.

    42.    Admitted as to jurisdictional purposes only.

    43.    a.  Denied.

            b.  Denied.

            c.  Denied.

            d.  Denied.

            e.  Denied.

            f.  Denied.

            e.  Denied.

    44.    Denied.

    45.    Denied.

    46.    Denied.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE -**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

    47.    Admitted that Defendant, BLG, is subject to the provisions of Florida Statutes, but denies the remainder of the allegation.

    48.    Denied.

    49.    Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE - VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

56. Admitted that Defendant, BLG, is subject to the provisions of Florida Statutes, but denies the remainder of the allegation.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

### COUNT FOUR:
### FAIR DEBT COLLECTION PRACTICES ACT - VIOLATION OF 15 U.S.C. SECTION 1692e, e(5), e(10) and e(11)

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

65. Admitted that Defendant, BLG, is subject to the provisions of U.S. Code, but denies the remainder of the allegation.

66. This is a legal conclusion and not a factual allegation requiring an answer.

67. This is a legal conclusion and not a factual allegation requiring an answer.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Without knowledge, therefore denied.

78. Denied.

### COUNT FIVE: FAIR DEBT COLLECTION PRACTICES ACT - VIOLATION OF 15 U.S.C. SECTION 1692f

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

79. Admitted that Defendant, BLG, is subject to the provisions of U.S. Code, but denies the remainder of the allegation.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### COUNT SIX:
### FAIR DEBT COLLECTION PRACTICES ACT - VIOLATION OF 15 U.S.C. SECTION 1692G(a), (b)

Defendant, Business Law Group, P.A. realleges each and every answer to paragraphs 1 through 7 as if fully set forth herein.

89. Admitted that Defendant, BLG, is subject to the provisions of U.S. Code, but denies the remainder of the allegation.

90. The document speaks for itself. Denied as to how actual terms thereof may vary.

91. Denied.

92. Denied.

93. Denied.

94. a. The document speaks for itself. Denied as to how actual terms thereof may vary.

   b. The document speaks for itself. Denied as to how actual terms thereof may vary.

   c. The document speaks for itself. Denied as to how actual terms thereof may vary.

   d. The document speaks for itself. Denied as to how actual terms thereof may vary.

   e. The document speaks for itself. Denied as to how actual terms thereof may vary.

   f. The document speaks for itself. Denied as to how actual terms thereof may vary.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

**All allegations not specifically admitted are deemed denied.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Regarding the nature of the debt, Plaintiffs merely state in an improper, conclusory

manner that the communication in question here are all related to the collection of a consumer debt. To the extent that any of the money claimed to be due from the Plaintiffs related to any rental of the subject condominium unit, or came due during any such period of rental, or is related to any other usage of the unit by Plaintiffs as investment, then Plaintiffs' claims must fail because the sums owed would not be "debt" as defined in the FDCPA and the FCCPA. Both the FDCPA and FCCPA define debt to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for <u>personal, family, or household purposes</u>, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. §1692a(5) and Fla. Stat. §559.55(1) (emphasis added). It is true that certain courts, after analyzing the above-quoted statutory language, have held that condominium assessments are "debt" under the FDCPA. See <u>Abby v. Paige</u>, 2011WL1256614 (S.D. Fla. 2011) and cases cited therein. However, if the unit is an investment or rental property, then the assessments and related charges at issue are essentially expenses related Plaintiffs' investments are not for "personal, family, or household purposes..." See <u>Baird v. ASA Collections</u>, 910 N.E. 2d 780, 786-87 (Ind. App. 2010) (holding, in a case involving assessments owed to a homeowner's association, that the FDCPA did not apply because the subject lots were investments and the sums owed were thus not "debt" as defined in the statute).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted. The allegations contained in the complaint, even if taken as true, do not establish the necessary

elements of a violation of the statutes sued upon. Plaintiffs fail to plead facts (as opposed to conclusory supposition) that would support the allegations of supposed violations. Further, as the claims are based upon the collection letters attached as exhibits to the complaint, the claims must fail because the clear terms and language in the preceding affirmative defense, Plaintiffs have failed to sufficiently allege facts to show that the money sought by the condominium association is "debt" as defined by the subject statutes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims under the FDCPA and the FCCPA are barred because, to the extent that if there were any violations of those statutes, the same were inadvertent, unintentional, bona fide errors that occurred notwithstanding the fact that BLG maintained measures reasonably adopted to avoid any such errors, including inter alia, use of methods and software designed to ensure accuracy of collection communications and designed to adhere to the requirements of Florida Statutes Section §718.116 (governing collection of delinquent assessments).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and/or estoppel based, inter alia, on Plaintiffs' acknowledgment through communications with one or more Defendant of the validity of some or all of the debt, and through their voluntary payment of some of the debt.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent of their failure to mitigate their damages including, inter alia, by failing to pay all sums owed in a timely

manner.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Florida's litigation privilege, as the actions described in the complaint, to the extent that Plaintiffs can establish them, were necessarily preliminary to judicial proceedings. The notice letters attached are prerequisites set out in Florida Statutes Chapter 718 to the maintenance of an assessment lien foreclosure proceeding. See *Echevarria, McCalla, Raymer, Barrett & Frappier, etc., et al v. Cole*, 950 So.2d 830 (Fla. 2007) (holding that the litigation privilege applies to all causes of actions, including statutory causes of action) and *Pledger v. Burnup & Sims, Inc.*, 432 So. 2d 1323, 1326 (discussing Florida case law holding that the privilege also applies to acts that are necessarily preliminary to a judicial proceeding).

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs may claim a violation occurred under FDCPA or FCCPA, said claim is without merit and unsupported by the plain language of governing Statutes and governing documents of Association. "The association has a lien on each condominium parcel to secure the payment of assessments....the lien is effective from and shall relate back to the recording of the original declaration of condominium". Florida Statute 718.116(5)(a). The claim of lien secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded". Florida Statute 718.116(5)(b).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic mail to Ian R. Leavengood, Esq., Northeast Professional Center, 3900 First Street North, Suite 100, St. Petersburg, FL 33703; ileavengood@leavenlaw.com; on this 12th day of June, 2015.

/s/ Scott C. Davis
**Bruce M. Rodgers Esq.**
Florida Bar: # 0908215
**Scott C. Davis, Esq.**
Florida Bar: #0022799
Primary Email:
sdavis@blawgroup.com
Secondary Email:
service@blawgroup.com
**Candice J. Gundel Esq.**
Florida Bar: # 0093642
**Business Law Group, P.A.**
301 W. PLATT STREET #375
TAMPA, FLORIDA 33606
Phone: (813) 379-3804
Attorney for: Defendant,
Business Law Group, P.A.